IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM COATES**<br>7820 12th St NW<br>Washington DC 20012<br><br>*Plaintiff*,<br><br>v.<br><br>**NATIONAL ARCHIVES AND RECORDS ADMINISTRATION**<br>8601 Adelphi Road<br>College Park, MD 20740<br>Prince George's County<br><br>*Defendant*. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C. § 552; Privacy Act of 1974, 5 U.S.C. § 552a** *et seq.***)**<br><br>**Case Number:** |

## COMPLAINT

Plaintiff William Paul Coates ("Plaintiff" or "Coates"), hereby brings this action for injunctive, declaratory and monetary relief pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.*, the Freedom of Information Act, 5 U.S.C. § 552(a) *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff seeks to compel Defendant National Archives and Records Administration ("NARA" or "Defendant") to process and produce certain historical records previously requested pertaining to the Federal Bureau of Investigation's ("FBI") surveillance of Plaintiff himself (Paul Coates), and the Baltimore chapter of the Black Panther Party.

### JURISDICTION AND VENUE

1. This case is brought under 5 U.S.C. §§ 552a(g)(1), 5 U.S.C. § 552(a)(4)(B), and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

1

2. Venue is proper under 5 U.S.C. §§ 552a(g)(5), 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff William Paul Coates is a publisher, printer, and community activist. Coates is the founder of the Black Classic Press, an imprint devoted to publishing significant works by and about individuals of African descent. Coates is also a founding member and chair of the National Association of Black Book Publishers, and has served as an adjunct professor of African American Studies at Sojourner-Douglass College in Baltimore. Coates is a first-party requestor, seeking to obtain the file maintained on him by the FBI.

4. Defendant National Archives and Records Administration ("NARA") is a federal agency, is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant is an agency within the meaning of 5 U.S.C. § 552a(a)(1), and is in possession and/or control of records pertaining to Plaintiff.

## STATUTORY BACKGROUND

5. FOIA's basic purpose is to promote and ensure government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

6. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

7. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days. It must provide written notice to the

requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id*. § 552(a)(6)(B)(ii). And it shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id*.

8. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)-(D).

9. FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

10. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

11. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

12. FOIA provides this Court the authority "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## FIRST-PARTY REQUESTS AND THE PRIVACY ACT

13. A first-party request is a request in which an individual seeks access to records

themselves.

14. Under the Privacy Act, a first-party individual has a right to access records about themselves, except for the limited exceptions where a record was compiled in reasonable anticipation of a civil proceeding, or where the agency has completed a rulemaking to process. 5 U.S.C. § 552a(d)(5), (j), (k).

15. Agencies are not prohibited from disclosing to an individual his own records in response to a first-party access request pursuant to the Privacy Act's access provisions, because by its own terms, subsection (b) does not prohibit an agency from releasing to an individual his own record, contained in a system of records retrieved by his name or personal identifier in response to a "first-party" access request under subsection (d)(1). *Id*. § 552a(b), (d)(1).

16. Subsection (b) also explicitly authorizes disclosures made with prior written consent of the individual. *Id*. § 552a(b).

17. Subsection (t) of the Privacy Act provides that agencies cannot rely on FOIA exemptions to withhold records to which individuals have access under the Privacy Act, nor can agencies withhold records under the Privacy Act when release is required under FOIA. 5 U.S.C. § 552a(t)(1)-(2).

18. The effect of subsection (t) ensures the broadest possible access by individuals to records about themselves. *Id*.

## THE FOIA REQUEST

19. On or about March 18, 2021, Paul Coates submitted a FOIA request to the National Archives and Records Administration ("NARA") seeking the following documents, which consist of the file the FBI maintains on Plaintiff Coates himself:

- "157-BA-4321[,] William Paul Coates listed at https://catalog.archives.gov/id/5215561

4

Baltimore, [Maryland] - 157-4321 in entirety [Classification - Civil Unrest] -- William Paul Coates[,] v1 through v7." A copy of this request is attached hereto as **Exhibit A.**

20. These files relate to the FBI's COINTELPRO program in Baltimore, Maryland, the surveillance of the Black Panther Party in Baltimore, Maryland, their members and their affiliated organizations. The FBI transferred these files to NARA for historical value.

21. The FOIA request was assigned FOIA tracking number RD 65348, interim tracking number RF-630.

22. On August 27, 2021, NARA responded to the request stating that William Paul Coates aka Paul Coates was the subject of this file. NARA stated that the file has an estimated 1,900 pages, compiled as part of a Civil Unrest investigation between November 1969 and April 1978. The response further stated that because Mr. Coates was asking for records related to himself, he could request first party review. NARA attached the "Certificate of Identity" form for Mr. Coates to submit should be wish to request first party review. Finally, the response stated that his request was assigned to NARA's "second-tier processing queue" and that NARA was currently processing second-tier requests received in June 2014. A copy of this communication from NARA is attached hereto as **Exhibit B.**

23. Mr. Coates never received any documents in response to this request.

24. On March 29, 2024, Mr. Coates submitted another FOIA request for the following documents:

- 157-BA-4321[,] William Paul Coates listed at https://catalog.archives.gov/id/5215561 Baltimore, [Maryland] - 157-4321 in entirety [Classification - Civil Unrest] -- William Paul Coates[,] v1 through v7." A copy of this request is attached hereto as **Exhibit C.**

25. In conjunction with this request, Coates submitted a certification of identity as a

first-party requestor. A copy of this certification is attached hereto as **Exhibit D**.

26. On April 12, 2024, NARA responded to the second FOIA request stating that the new request was assigned FOIA tracking number RD 86675. The response additionally stated that the request was an exact duplicate of previous request RD 65348, and because there were no additional or alternate search instructions, NARA was closing the request as a duplicate. A copy of this communication from NARA is attached hereto as **Exhibit E.**

27. On May 22, 2024, Plaintiff responded to NARA stating that the request should not be closed because Mr. Coates never received responsive records in response to his earlier request. Plaintiff further stated that because Mr. Coates had not submitted a Certificate of Identity form in connection with the prior request, production of documents was halted. For that reason, Mr. Coates re-submitted his request along with the Certificate of Identity, in order to obtain access to the documents. A copy of this communication from Plaintiff is attached hereto as **Exhibit F**.

28. Later that same day, NARA responded to Plaintiff's email stating that Plaintiff's request for RD 65348 was not halted due to not having a Certificate of Identity, but rather that Mr. Coates' request had not yet come up in NARA's second-tier processing queue. NARA stated that they were currently processing requests received in June 2014. A copy of this communication from NARA is attached hereto as **Exhibit G.**

29. As of the date of this filing, NARA has not substantively responded to the FOIA requests or produced any responsive documents.

30. The records are in the custody of NARA.

31. NARA should have provided Plaintiff with the requested documents within the 20-day mandatory period required by 5 U.S.C. § 552 (a)(6)(A)(i) for non-expedited requests.

32. NARA did not explain any "unusual circumstances" for such extension nor did it

propose an alternative timetable for its response to Plaintiff's request as required by 5 U.S.C. § 552 (a)(6)(B)(i).

33. Assuming the request requires additional time to respond due to "unusual circumstances," NARA still failed to respond in the mandatory statutory period since an extension based on "unusual circumstances" can be for no more than 10 working days. *See* 5 U.S.C. § 552 (a)(6)(B)(i).

34. To date, NARA has not provided the documents requested by Plaintiff in his March 18, 2021 request or his March 29, 2024 request.

35. Plaintiff has a statutory right under FOIA to review and copy the materials requested.

36. NARA has not responded, as legally required, to the March 18, 2021 request or the March 29, 2024 request within the statutory time period.

37. NARA's failure to respond to Plaintiff's requests within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

**COUNT I**
**VIOLATION OF FOIA, 5 U.S.C. § 552**
**Failure to Respond to FOIA Requests and FOIA Appeal within the Statutory Time Period**

38. Plaintiff incorporates and re-alleges paragraphs 1-37 as if set forth herein.

39. NARA is a federal agency, is an agency within the meaning of 5. U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

40. NARA has the requested records within its possession, custody, and control.

41. The requested records are not exempt from disclosure under FOIA.

42. NARA has failed to produce the requested materials within the statutory time

period, failed to rule on an appeal within the statutory time period, and/or failed to cite to any exemptions that would justify withholding the responsive documents.

43. Plaintiff has a statutory right to the information he seeks and that NARA has failed to provide, in violation of NARA's statutory obligations. NARA violated Plaintiff's rights when it unlawfully failed to timely provide all records that are responsive to Plaintiff's FOIA requests and/or appeal.

44. Plaintiff's activities will be adversely affected if NARA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA requests. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, NARA will continue to violate Plaintiff's rights to receive public records under FOIA. NARA's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

45. Therefore, NARA has withheld responsive agency records from Plaintiff in violation of FOIA, 5 U.S.C. § 552 (a)(3) and has failed to make a determination with respect to any appeal within twenty days after receipt of this appeal, as required by U.S.C. § 552(a)(6)(A)(ii).

46. Plaintiff has been harmed by NARA's failure to comply with FOIA.

**COUNT II**
**VIOLATION OF FOIA, 5 U.S.C. § 552**
**Failure to Produce Records**

47. Plaintiff incorporates and re-alleges paragraphs 1-46 as if set forth herein.

48. NARA is a federal agency, is an agency within the meaning of 5. U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

49. NARA has the requested records within its possession, custody, and control.

50. The requested records are not exempt from disclosure under FOIA.

51. NARA has failed to produce the requested materials within the statutory time period, and/or failed to issue any determination.

52. Plaintiff has a statutory right to the information he seeks and that NARA has failed to provide, in violation of NARA's statutory obligations.

53. NARA violated Plaintiff's rights when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests and/or appeal.

54. Plaintiff's activities will be adversely affected if NARA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA requests.

55. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, NARA will continue to violate Plaintiff's rights to receive public records under FOIA.

56. NARA's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

57. Therefore, NARA has withheld responsive agency records from Plaintiff in violation of FOIA, 5 U.S.C. § 552 (a)(3).

58. Plaintiff has been harmed by NARA's failure to comply with FOIA.

## COUNT III
## VIOLATION OF PRIVACY ACT, 5 U.S.C. § 552a
### Denial of Access to Records

59. Plaintiff incorporates and re-alleges paragraphs 1-58 as if set forth herein.

60. NARA is an agency within the meaning of 5. U.S.C. § 552a(1), and is subject to

the Privacy Act, 5 U.S.C. § 552a.

61. By email dated March 18, 2021, Plaintiff submitted a request to NARA under the Privacy and Freedom of Information Acts for copies of all information maintained about himself, including FBI case file number 157-BA-4321.

62. The FOIA request was assigned FOIA tracking number RD 65348, interim tracking number RF-630.

63. By email dated August 27, 2021, NARA responded to the request stating that William Paul Coates aka Paul Coates was the subject of this file.

64. By email dated March 29, 2024, Plaintiff submitted another request to NARA under the Privacy and Freedom of Information Acts for copies of all information maintained about himself, including FBI case file number 157-BA-4321, and included a Certificate of Identity form confirming that he was making a first-party request.

65. The second FOIA request was assigned FOIA tracking number RD 86675.

66. As of the date of this filing, NARA has not substantively responded to the FOIA requests or produced any responsive documents.

67. Upon information and belief, there are approximately 1,900 pages responsive to Plaintiff's request.

68. Plaintiff has exhausted all required and available administrative remedies.

69. Plaintiff has a legal right under the Privacy and Freedom of Information Acts to obtain the information he seeks, and there is no legal basis for the denial by NARA of said right.

70. NARA has the requested records within its possession, custody, and control.

71. NARA has failed to produce the requested materials and/or failed to issue any determination.

72. Plaintiff has a statutory right to gain access to his records or to any information pertaining to him, and to review the record and have a copy made of all or any portion thereof in a form comprehensible to him. NARA violated Plaintiff's rights when it unlawfully failed to provide all records that are responsive to Plaintiff's FOIA request.

73. Plaintiff's activities will be adversely affected if NARA continues to violate the Privacy Act's requirements to produce all records and information pertaining to Plaintiff. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, NARA will continue to violate Plaintiff's rights to receive public records under the Privacy Act.

74. Therefore, NARA has withheld responsive agency records from Plaintiff in violation of the Privacy Act, 5 U.S.C. § 552a(d)(1).

75. Plaintiff has been harmed by NARA's failure to comply with the Privacy Act.

WHEREFORE, PLAINTIFF respectfully requests the Court:

i. Declare that NARA's failure to timely respond is an unlawful violation of FOIA and the Privacy Act;

ii. Order NARA to make all requested records available to Plaintiff, unredacted and without further delay;

iii. Enjoin NARA from withholding non-exempt public records under FOIA and the Privacy Act;

iv. Award Plaintiff any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but is not less than $1,000;

v. Expedite this action in every way pursuant to 28 U.S.C. § 1657 (a);

vi. Award Plaintiff its attorneys' fees and reasonable costs as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d); and

      vii.     Award such other relief that the Court deems just and proper.

DATED: May 19, 2025                                  Respectfully Submitted,

                                                                  HOLLAND & KNIGHT LLP

                                                                  /s/ Christine N. Walz
                                                                  Christine N. Walz, Bar No. 996643
                                                                  787 7th Ave 31st Floor
                                                                  New York, NY 10019
                                                                  Tel: (212) 513-3200
                                                                  Christine.Walz@hklaw.com


                                                                 Sara J. Benson, Bar No. 1767612
                                                                  800 17th Street NW, Suite 1100
                                                                   Washington, D.C. 20006
                                                                  Tel: (202) 955-3000
                                                                  Fax: (202) 955-5564
                                                                  Sara.Benson@hklaw.com